**182**

In re J.T. MORAN FINANCIAL CORP., et al., Debtors.

J.T. MORAN FINANCIAL CORP., and Moore & Schley, Cameron & Co., Plaintiffs,

v.

JESUP & LAMONT, INC., Defendant.

Bankruptcy Nos. 90 B 20078, 90 B 20086 and 90 B 20087.
No. 90–6099A.

United States Bankruptcy Court, S.D. New York.

Sept. 21, 1992.

Kurtzman & Haspel, New York City, for trustee.

Gusrae, Kaplan & Bruno, New York City, for defendant.

## DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PROTECTIVE ORDER

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Summary judgment is sought by the defendant Jesup & Lamont ("Jesup"), with respect to the trustee in bankruptcy's complaint on behalf of the debtor, J.T. Moran Financial Corporation ("JTM") and its affiliated company, Moore & Schley, Cameron & Co. ("MSC"). The trustee seeks to recover from Jesup monies allegedly owed by Jesup pursuant to an asset purchase agreement (the "Agreement") with respect to forgivable loans made to certain registered representatives ("RRs") formerly employed by MSC.

Jesup also seeks a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as made applicable to bankruptcy cases in accordance with Rule

7026 of the Federal Rules of Bankruptcy Procedure. The protective order sought by Jesup is for the purpose of barring or limiting the trustee's document production request.

## FACTUAL BACKGROUND

On January 29, 1990, JTM and its affiliated companies filed with this court petitions for relief under Chapter 11 of the Bankruptcy Code. In May 1991, the Chapter 11 cases of JTM and its affiliates, including MSC, were converted to cases under Chapter 7 of the Bankruptcy Code and a trustee in bankruptcy was appointed.

Before the filing of the Chapter 11 cases, JTM and MSC, as sellers, entered into an asset purchase agreement (the "Agreement") dated January 11, 1990 with Jesup whereby Jesup acquired the assets of MSC as of January 12, 1990. Among the various terms set forth in the Agreement is the following language in Section 3.2 which states:

> J & L [Jesup] shall pay all sums due JTM or MSC resulting from the forgivable loans afforded to certain MSC RRs attached hereto as Exhibit D–2 (the "RR Loans"), provided, however, that such RRs contract with J & L to continue their registration with J & L for no less a time period than was left on their contract commitment to MSC pursuant to the terms of the original forgivable loan and/or employment agreement.

The only remaining claim in the trustee's complaint seeks damages from Jesup for Jesup's alleged breach of its obligation "to pay all sums due to J.T. Moran and Moore & Schley resulting from the 'forgivable loan' afforded to certain Moore & Schley registered representatives...."

In support of this claim, paragraph 21 of the complaint alleges as follows:

> 21. Jesup & Lamont has entered into agreements, or has otherwise entered into employment relationships, with at least eight registered representatives and who were indebted to J.T. Moran or Moore Schley in the nature of "forgivable loans" as contemplated by Section 3.2 of the Agreement.

Jesup's answer admits the execution of the Agreement with JTM and MSC, but denies knowledge as to the allegations set forth in paragraph 21 of the complaint.

The pleadings raise issues of fact as to which representatives of MSC, who had contracts with MSC and received from it forgivable loans for which they are indebted to MSC, entered into employment relationships with Jesup.

Jesup reasons that there is no issue of fact because the trustee has not been able to produce Exhibit D–2 which is referred to in Section 3.2 of the Agreement and which lists the MSC registered representatives' indebtedness to MSC for forgivable loans. Accordingly, Jesup contends that the trustee has failed to offer "not an iota of evidence, let alone such evidence as would support a verdict in its favor." *Jesup Reply Memorandum of Law*, at 3 (September 17, 1992). Additionally, Jesup asserts that "plaintiffs are not entitled to conduct any discovery as to a claim upon which they cannot establish a *prima facie* case."

## DISCUSSION

■ Jesup confuses the quantity of evidence with the specific facts showing that there is a genuine issue for trial. Federal Rule of Civil Procedure 56(e) applies to motions for summary judgment and provides in relevant part as follows:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, *by affidavits* or as otherwise provided in this rule, *must set forth specific facts* showing that there is *a genuine issue for trial.* If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e) (emphasis added).

In ruling on a motion for summary judgment, the court must review the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, to determine if there is no genuine issue as to any

material fact so that the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 599, 106 S.Ct. 1348, 1362, 89 L.Ed.2d 538 (1986). The nonmoving party may oppose a summary judgment motion by making a showing that there is a genuine issue as to a material fact in support of a verdict for that party. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510.

The complaint alleges that the former registered representatives of MSC who were indebted to it for forgivable loans are listed on Exhibit D–2 attached to the Agreement and that Jesup has employed some of these registered representatives with the result that it is indebted to MSC for their unpaid forgivable loans. The trustee contends that during discovery proceedings, he has produced a roster which contains at least 200 names of MSC employees acquired by Jesup. In Exhibit E annexed to Jesup's motion papers is a list of eight former MSC employee hired by Jesup who are indebted to MSC for forgivable loans. Whether or not these former employees, or any other former MSC employees employed by Jesup, may be included in the trustee's claim for payment of forgivable loans is clearly an issue of fact which must be resolved by an evidentiary trial. Thus, summary judgment must be denied.

### *The Protective Order*

■ The trustee's second notice of deposition and document request is too broad. The documents requested as to Jesup's financial condition from January 1, 1990 through January 30, 1992 have no bearing on the trustee's claim for reimbursement for forgivable loans. Similarly, documentary evidence as to payments made by Jesup toward the purchase price of MSC assets are not relevant to the claim for forgivable loan reimbursement. Jesup is entitled to a protective order pursuant to Federal Rule of Bankruptcy Procedure 7026(c) in order to spare Jesup the undue burden and expense of producing irrelevant documents.

The trustee is entitled, however, to the production of relevant documents and employment contracts with respect to former MSC registered representatives employed by Jesup in order for the trustee to ascertain, which, if any, of these employees are indebted to MSC for forgivable loans. Jesup's motion for a protective order as to this item is denied.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. Jesup's motion for summary judgment is denied.

3. Jesup's motion for a protective order is granted in part and denied as to documents and employment contracts of former MSC registered representatives employed by Jesup.

SETTLE ORDER ON NOTICE.